UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
CIVIL ACTION NO. ____-CV-_____

*ELECTRONICALLY FILED*

TONY BYRD, ELIZABETH SUE BYRD
and PATRICIA ANDERSON, Co-Administrators
of the Estate of BRIAN BYRD; and,
PATRICIA ANDERSON, as Legal Guardian
of TRENTON BLAINE BYRD, an unmarried infant;                    **Plaintiffs**

VS.

**COMPLAINT**

JAMES POLEHINKE,                                                **Defendant**

\* \* \* \* \*

### Nature of the Action

1. This is an action for compensatory and punitive damages arising from the crash of Comair Flight 5191 on August 27, 2006, in Lexington, Kentucky.

### The Parties

2. Plaintiffs Tony Byrd, Elizabeth Sue Byrd and Patricia Anderson are the duly qualified Co-Administrators of the Estate of Brian Byrd, deceased. A copy of the Order of Appointment from the Madison County, Kentucky, District Court is attached as Exhibit 1.

3. Plaintiff Patricia Anderson is the duly qualified Legal Guardian of Trenton Blaine Byrd, an unmarried infant. A copy of the Order of Appointment from the Madison County, Kentucky, District Court is attached as Exhibit 2.

4. Plaintiffs Tony Byrd, Elizabeth Sue Byrd and Patricia Anderson are and at all relevant times have been citizens of the Commonwealth of Kentucky and no other state.

5. Plaintiff Trenton Blaine Byrd is the surviving son of Brian Byrd. Trenton Blaine Byrd is and at all relevant times has been a citizen of the Commonwealth of Kentucky and no other state.

6. Defendant James Polehinke ("Polehinke") is and at all relevant times has been a servant and agent of Comair, Inc. acting within the course and scope of his duties as an employee of Comair, Inc. Polehinke is and at all relevant times has been a citizen of the State of Florida and no other state.

### Jurisdiction and Venue

7. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, in that all of the Plaintiffs are citizens of the Commonwealth of Kentucky and no other state and the Defendant is a citizen of the State of Florida and no other state and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars.

8. On information and belief, the Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331, in that this action may arise under a treaty of the United States, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999 (the "Montreal Convention").

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) and (b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### Facts Giving Rise to the Claims

10. Comair, Inc. operates as a common carrier for hire in the air transportation of passengers.

11. Comair, Inc. was the owner and/or operator of a Bombardier CRJ-100 aircraft, Registration Number N431CA (the "Comair Aircraft").

12. On the morning of August 27, 2006, in Fayette County, Kentucky, Plaintiffs' decedent, Brian Byrd was a passenger on board the Comair Aircraft, being operated by Comair as Comair Flight 5191. Comair employees Jeffrey Clay and Polehinke (the "Comair Flight Crew") were acting within the course and scope of their official duties as pilot in command and first officer, respectively, of Comair Flight 5191.

13. On information and belief, the contract of carriage pursuant to which decedent Brian Byrd was flying listed the origin of the flight, and his ultimate destination, as Lexington, Kentucky, with intermediate stopping points in Atlanta, Georgia, and St Lucia.

14. At approximately 6:07 a.m., when the sun had not yet risen, Comair Flight 5191 attempted to take off from Runway 26 at Bluegrass Airport in Fayette County, Kentucky, and crashed shortly thereafter.

15. Comair, Inc., through its agents, servants and employees, including Polehinke, breached and violated duties of care it owed under applicable law to its passengers, including Plaintiffs' decedent, in its operation of Comair Flight 5191. The specific conduct which constituted the breach and violations of duties included, among other things, the following:

    a) Polehinke negligently failed to observe and follow taxiway and runway signage and markings leading to Runway 22, and negligently failed to follow the air traffic control instructions to taxi to Runway 22;

    b) After improperly and wrongfully turning onto Runway 26 to take off, Polehinke negligently failed to cross-check the runway heading against the directional and heading instrumentation in the aircraft, and negligently failed to note and observe that they were on the wrong runway;

    c) Polehinke negligently and wrongfully failed to observe and notice taxiway and runway signage and markings indicating that the Comair Aircraft was on Runway 26;

    d) Polehinke negligently failed to cross-check the take-off runway heading against heading and directional instrumentation in the Comair Aircraft prior to take-off;

    e) Polehinke negligently failed to obtain applicable NOTAMS that had been issued concerning Bluegrass Airport, Lexington, Kentucky (the "Airport") or, alternatively, negligently and wrongfully failed to read and heed the NOTAMS concerning

3

the Airport that had been issued prior to the accident;

  f) Polehinke negligently and wrongfully disregarded multiple visual cues indicating that the Comair Flight Crew had taxied to the wrong runway for take-off;

  g) Polehinke negligently and wrongfully failed to maintain proper situational awareness while taxiing from the departure gate and negligently failed to maintain a sterile cockpit and negligently failed to direct all of his attention to cockpit and taxi procedures, and thereby negligently and wrongfully taxied to the wrong runway for take-off;

  h) Polehinke negligently attempted to take off on a runway that was unlit, that was of insufficient length for the type of aircraft in question, that was limited to daytime operations under visual flight rules and was to be used by aircraft with a maximum gross take-off weight of 12,000 pounds or less;

  i) After beginning the take-off roll down Runway 26, Polehinke negligently failed to note and observe Airport signage and markings and visual cues that indicated the Comair Aircraft was on Runway 26, rather than Runway 22;

  j) Polehinke negligently failed to stop or abort the attempted take-off, at a time when he knew or reasonably should have known that he was utilizing the wrong runway;

  k) Polehinke negligently and wrongfully failed to follow air traffic control tower instructions as to the use of the correct runway for take-off; and

  l) Polehinke failed to undertake and perform the necessary and appropriate pre-flight and taxi procedures and runway confirmation procedures necessary to accomplish a safe take-off.

  16. As a direct result and proximate cause of the negligence of and breach of duties by Comair, Inc., through its agents, servants and employees, including Polehinke, as mentioned in numbered paragraph 15 above, the Comair Aircraft crashed during its attempted take-off.

4

25. During the failed take-off and ensuing crash of Comair Flight 5191, the Plaintiffs' decedent endured pain and suffering, pre-impact fright, fear of death and emotional anxiety and post-impact fright, fear of death and emotional anxiety prior to his death which was caused by the impacts to which he was subjected during the crash and prior to his death.

26. As a result of the failed take-off and ensuing crash of Comair Flight 5191, the Plaintiffs' decedent suffered physical pain and mental anguish.

27. As a result of the death of Plaintiffs' decedent, his estate has:

    a) incurred funeral, burial and other administrative expenses;

    b) suffered the destruction of his power and ability to earn money; and

    c) suffered any and all additional compensatory and non-compensatory damages as provided by any and all applicable law.

28. Plaintiffs' decedent, Brian Byrd, is survived by his child, Trenton Blaine Byrd, who, as a result of the wrongful death of Brian Byrd, due to the Defendant's actions, has been deprived of his father's love, affection, guidance, counsel and companionship.

29. The Plaintiffs are entitled to fair and reasonable compensation for the damages set forth above.

### Count II
### (Punitive Damages)

30. Plaintiffs reiterate the allegations in Paragraphs 1 through 29 above as if set forth at length herein.

31. The Plaintiffs' damages, decedent's injuries and death resulted from acts or omissions of the servants or agents of Comair, Inc., including James Polehinke, done recklessly and with knowledge that damage would probably result and was such as to entitle Plaintiffs to recover punitive damages against James Polehinke on behalf of Plaintiffs under applicable laws.

### Prayer for Relief

WHEREFORE, Plaintiffs, Tony Byrd, Elizabeth Sue Byrd and Patricia Anderson, the duly qualified Co-Administrators of the Estate of Brian Byrd, deceased, and Plaintiff, Patricia Anderson, the duly qualified Legal Guardian of Trenton Blaine Byrd, an unmarried infant, demand:

    A.    Judgment against the Defendant, James Polehinke, for compensatory and punitive damages in excess of the minimum dollar amount necessary to establish jurisdiction in this Court;

    B.    Prejudgment and post-judgment interest;

    C.    Their costs herein expended;

    D.    Trial by jury on all issues so triable; and

    E.    Any and all other relief to which they may appear to be entitled.

Respectfully Submitted,

/s/ Walter G. Ecton, Jr.

WALTER G. ECTON, JR.
ECTON, HARHAI & SHANNON, PLLC
125 S. Third Street
Richmond, KY 40475
(859)624-2252
wecton@ectonlaw.com
Attorney for Plaintiffs
And
/s/ David L. Bohannon

David L. Bohannon
Nora Shepherd
Sword, Floyd & Moody, PLLC
218 West Main Street
P.O. Box 300
Richmond, KY 40476-0300
(859)623-3728
bohannon@sfmky.com
shepherd@sfmky.com
Attorneys for Plaintiffs